Weygandt, C. J.
The storm center of this controversy is the following paragraph in the agreement between the parties:
“Remarks. Contingent — that all utilities are in and paid also contingent on F. H. A. approval. If improvements are necessary for such approval grantor to pay said improvements.”

However, the plaintiff accepted from the defendant a deed ivhich did not contain the quoted language.

Hence, in conformity with the general rule the dower courts held that the original contract was merged into the terms of the subsequent deed which the plaintiff accepted.
Was this error?
The quoted paragraph consists of two sentences. The plaintiff contends that the two are unrelated; that the first constitutes a contingency; that the second does not; and that therefore the second was not merged into the deed.
There are several difficulties with this view. The two sentences are placed together in a separate added paragraph. The common heading for the two sentences of the paragraph is the word, “remarks.” While the second sentence does not contain the word, “contingent,” it begins with “if” which definitely denotes a contingency. If, as conceded by the plaintiff, the first sentence constitutes a contingency and was merged into the deed, there seems to be no valid reason for placing the second in a different category. Although it may reasonably be argued that the quoted words do not constitute a contingency, the words are at least ambiguous. Since such words are those of the purchaser, they must be construed strictly in respect to it.
A further complaint of the plaintiff is that the trial court rendered a judgment on the opening statements of counsel and did not permit the plaintiff to introduce evidence. However, a study of the bill of exceptions discloses no basis for this contention. At the conclusion of his extended opening statement, the plaintiff’s counsel said, “That, if the court please, is our case.”
In its petition the plaintiff also claimed damages for breach of the warranty in the deed by reason of the presence of water and sewer lines. The trial court held that these did not constitute encumbrances which should have been listed as exceptions in the warranty deed. Furthermore, as previously observed, the plaintiff offered no evidence with reference thereto.
*226 The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Zimmerman, Taet, Matthias, Bell and Herbert, JJ., concur.
Peck, J., not participating.